IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINCOLN NATIONAL LIFE<br>INSURANCE COMPANY, | )<br>)<br>) |
| Counter-Defendant/<br>Third-Party Plaintiff, | )<br>)<br>) |
| vs. | ) Case No. 08-cv-0087-MJR<br>) |
| JOANN GANT and GREGORY<br>LOWRY, | )<br>)<br>) |
| Counter-Plaintiffs, | )<br>) |
| and | )<br>) |
| BOBBIE BARTON, | )<br>) |
| Third-Party Defendant. | ) |

## ORDER

**REAGAN, District Judge:**

       Third-Party Defendant Bobbie Barton moves for attorney's fees pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and 29 U.S.C. § 1132(g) (Doc. 50). Barton submits that she is entitled to fees because Lincoln National Life Insurance Company's complaint against her was not substantially justified and because Lincoln National voluntarily dismissed its claims against her. Barton does not contend that she is the prevailing party in this suit. For the following reasons, the Court denies Barton's motion.

       The action arises from a dispute over who is entitled to the life insurance proceeds of Ronald Lowry, who died on August 30, 2007. The benefits at issue were provided through an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (2007) ("ERISA"). On August 31, 2007, Barton submitted to Lincoln

1

National a claim to recover benefits under the Plan. On September 6, 2007, Lincoln National approved Barton's claim and tendered two checks payable to her in the amounts of $10,000.00 and $50,000.00. On September 10, 2007, Gregory Lowry and Joann Gant notified Lincoln National of their claim to Ronald's life insurance benefits. Lincoln National first denied Lowry's and Gant's claims and subsequently attempted to regain the money it alleges was erroneously paid to Barton. Having failed to obtain a return of the money and unable to resolve the conflicting claims, on February 5, 2008, Lincoln National filed an interpleader complaint in this Court, asking the undersigned Judge to direct Barton to tender to the Clerk of Court the $60,000.00 in life insurance benefits received by her and to determine the proper disposition of the proceeds.

Upon threshold review and after soliciting jurisdictional memoranda from the parties, the Court determined that it lacked jurisdiction, dismissed Lincoln National's complaint without prejudice and denied as moot Barton's motion to dismiss. The Court retained jurisdiction over the counterclaim filed by Gant and Lowery against Lincoln National.

On July 17, 2008, Lincoln National filed a third-party complaint against Barton based on theories of restitution and an equitable lien on the funds paid. Barton filed a motion to dismiss for failure to state a claim. After Lincoln National's fourth motion for an extension of time to respond to Barton's motion was denied, the company filed Notice of Voluntary Dismissal. On February 24, 2009, the Court dismissed Lincoln National's complaint against Barton without prejudice and without costs.

Barton seeks an award of attorney's fees under 29 U.S.C. § 1132(g)(1), which provides that in any ERISA action "by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." ***GE Group Life Assur. Co. v. Kurczak,* 483 F.Supp.2d 671, 674 (N.D.Ill. 2007) (quoting 29 U.S.C. § 1132(g)(1))**. "The Seventh

Circuit has read into this statute a requirement that the party be a 'prevailing' party in order to receive a fee award." *Id.* **(citing *Bender v. Freed*, 436 F.3d 747, 749 (7th Cir. 2006) (stating that § 1132(g)(1) "authorizes the court to award fees, in its discretion, to the prevailing party in an ERISA action"); *Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("ERISA authorizes ... the award of reasonable attorneys' fees to a prevailing plaintiff in a suit for benefits."))**. While the Seventh Circuit has articulated two other tests to determine whether attorney's fees should be granted, both of these tests presume that a party was a "prevailing" party. *Id.* **(citing *Herman v. Cent. States, Southeast and Southwest Areas Pension Fund*, 423 F.3d 684, 696 (7th Cir. 2005)**.

Barton concedes that she is not a prevailing party. As a result, attorney's fees are not available to her under § 1132(g)(1).

Pursuant to Rule 54(d)(2), attorney's fees are available under the following conditions:

**(2)** *Attorney's Fees.*

**(A)** *Claim to Be by Motion.* A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

**(B)** *Timing and Contents of the Motion.* Unless a statute or a court order provides otherwise, the motion must:

**(i)** be filed no later than 14 days after the entry of judgment;

**(ii)** specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

**(iii)** state the amount sought or provide a fair estimate of it; and

**(iv)** disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. **FED. R. CIV. P. 54(d)(2)**.

Accordingly, under Rule 54(d)(2), claims for attorney's fees must be made by motion filed no later than 14 days after entry of judgment unless (1) a statute or order of the court provides a different deadline, or (2) the "substantive law governing the action provides for the recovery of such

3

fees as an element of damages to be proved at trial." **FED. R. CIV. P. 54(d)(2)**; *Bender v. Freed,* **436 F.3d 747, 750 (7th Cir. 2006)**.

Barton's motion is fatally flawed because (1) neither of the Rule's exceptions apply; (2) she has not obtained a final judgment; and (3) the motion was not filed within 14 days of *any* Court order. Barton's motion is untimely even if the Court assumes that the Order dismissing the third-party complaint against Barton constitutes a "judgment" or "other grounds" entitling her to an award. That Order was entered on February 24, 2009, more than 40 days prior to her filing the motion for attorney's fees. Her motion is untimely even if the Court assumes that the final judgment in the case, entered when Barton was no longer a party, is the relevant date. That Order was entered on March 10, 2009, nearly 30 days prior to her filing the motion for attorney's fees.

The Court concludes that attorney's fees are not available to Barton under 29 U.S.C. § 1132(g) and Rule 54(d)(2) of the Federal Rules of Civil Procedure. Accordingly, the Court **DENIES** Barton's motion for attorney's fees (Doc. 50).

**IT IS SO ORDERED.**

**DATED this 17th day of June, 2009**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**